

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# Zhang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Zhang v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1439.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1439

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3269
_____

XIN WEN ZHANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A96 070 533)
Immigration Judge:  Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
February 13, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DIAMOND,[*] *District Judge*.

(Filed: March 22, 2007)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Gustave Diamond, United States District Judge for the Western
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Xin Wen Zhang seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of his request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1) and will deny the petition.

I.

Because we write only for the parties, we forgo a lengthy recitation of the factual and procedural background of this case. Petitioner Xin Wen Zhang ("Zhang"), a native and citizen of the People's Republic of China, arrived in the United States on a valid visa on October 17, 2002. Zhang was an accountant for a government-owned steel company in Tianjin City from 1991 through April 12, 2002. Zhang reported corruption in the company to his supervisors on three occasions and organized a one-day protest of 1,000 factory workers at city hall to draw attention to the corruption at the steel plant. As a result of his involvement in the steel company protest, Zhang was arrested for two months. During the first three days of his detention, Zhang was interrogated. At his immigration hearing, Zhang testified that the police pulled his hair, hit his head on a desk, and kicked and beat him with batons on the back during his incarceration. Zhang was subsequently fired from his job. Zhang left China without notifying government authorities that he was leaving.

2

## II.

In this case, because the BIA affirmed the Immigration Judge's ("IJ") decision without opinion we review the decision of the IJ. *Partyka v. Attorney General of U.S.*, 417 F.3d 408, 411 (3d Cir. 2005). We must affirm the opinion of the IJ if there is substantial evidence in the record to support it. *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Under this standard, the IJ's "findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing *INS v. Elias- Zacarias*, 502 U.S. 478, 481 (1992)).

## III.

To be statutorily eligible for asylum, an applicant must demonstrate refugee status by showing "(1) an incident, or incidents, that rise to the level of persecution; (2) that is [or are] 'on account of' one of the statutorily-protected grounds; and (3) is [or are] committed by a government or forces a government is either 'unable or unwilling' to control." *Wu v. Ashcroft*, 393 F.3d 418, 423 (3d Cir. 2005) (*quoting Abdulrahman v. Ashcroft*, 330 F.3d 592 (3d Cir. 2003)). Persecution "includes threats to life, confinement, torture, and economic restriction so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). A showing of past persecution leads to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1).

3

Zhang's treatment while incarcerated does not rise to the level of persecution as we have defined it. In order to form the basis for an asylum claim, the treatment complained of must be "extreme." *Fatin*, 12 F.3d at 1243 ("'[P]ersecution' is an extreme concept that does not include every sort of treatment our society regards as offensive."). Although the mistreatment of Zhang in this case was certainly reprehensible, even unlawful and unjust, "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.* at 1241. The incident described by Zhang – in which his hair was pulled, his head was hit on a desk, and he was beat with batons – apparently did not result in serious injury and was not unusual or extreme enough to qualify as persecution under our standard. *See Voci v. Gonzales*, 409 F.3d 607, 615 (3d Cir. 2005) ("[O]ur cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution.").

Having failed to establish past persecution, Zhang is not entitled to a rebuttable presumption of a well-founded fear of future persecution. In order to show a well-founded fear of future persecution the applicant must show a well founded subjective fear, which is "supported by objective evidence that persecution is a reasonable possibility." *Chang v. INS*, 119 F.3d 1055, 1066 (3d Cir.1997) (citation omitted). The IJ stated Zhang "fear[s] prosecution not persecution" for his illegal departure from China. *See id.* at 1065 (holding prosecution pursuant to generally applicable laws is generally not persecution unless based on one of the five statutorily-enumerated factors). Nothing in

4

the record compels a contrary conclusion. Consequently, we find substantial evidence supports the IJ's conclusion that Zhang is not eligible by statute for asylum.[1]

Zhang's final claim is that he is eligible for withholding of removal under the CAT. An applicant seeking relief under the CAT must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002) (*quoting* 8 C.F.R. § 208.16(c)(2)). The Government asserts that Zhang has not exhausted administrative remedies with respect to his CAT claim and we are therefore without jurisdiction to consider the claim. Exhaustion is a jurisdictional prerequisite to review of a final order of removal. *Bhiski v. Ashcroft*, 373 F.3d 363, 367-68 (3d Cir. 2004). We have noted that an alien exhausts administrative remedies when "[he] makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal." *Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005) (citing *Bhiski*, 373 F.3d at 367-68). In *Bhiski*, we held that this could be accomplished without filing a brief with the BIA where the BIA was on notice of the issue for review on appeal. In *Wu*, the petitioner failed to allege the IJ committed error by considering only one Government conducted interview in his brief to the BIA. 393 F.3d at 422. Yet, the petitioner did allege that the

---

[1] "[A]n alien who fails to qualify for asylum is necessarily ineligible for withholding of removal." *Ghebrehiwot v. Attorney General of U.S.*, 467 F.3d 344, 351 (3d Cir. 2006) (*citing Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003)). Here the IJ correctly concluded that Zhang was ineligible for withholding of removal because he failed to meet the standard for asylum.

eligibility determination was not supported by the record. *Id.* We held that this was sufficient to give notice to the BIA and therefore the petitioner had exhausted his administrative remedies. *Id.*

Unlike *Wu*, in the instant case there is nothing in the record to put the BIA on notice that a CAT claim was being appealed. Zhang's briefs before the BIA did not address a CAT claim. In addition, at his hearing Zhang failed to describe any conduct resembling torture and his testimony did not indicate that the threat of torture was a central part of his application. Zhang has thus not exhausted his administrative remedies on his CAT claim and this Court lacks jurisdiction to review the issue.

## IV.

For the foregoing reasons, we conclude that substantial evidence supports the IJ's decision to deny relief, and we will accordingly deny the petition for review.